## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER and<br>THOMAS M. KIEFFABER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and<br>JOHNSON & JOHNSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' Motion To Strike Plaintiffs' Damage Request (Doc. #175) filed January 22, 2021. Because plaintiffs' damage calculations were previously undisclosed, defendants ask the Court to strike them from the Pretrial Order (Doc. #170) filed January 20, 2021. For reasons stated below, defendants' motion is overruled.

Defendants rely on Rule 37(c)(1), Fed. R. Civ. P., which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). They argue that plaintiffs have not disclosed factual grounds to support their request for past general damages of $10 million, future general damages of $10 million and loss of consortium damages of $1 million and, therefore, that no such testimony should be allowed at trial. They also argue that plaintiffs' damage request lacks supporting calculations under Rule 26(a)(1)(A)(iii), which requires that—except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the Court—each party must,

without awaiting a discovery request, provide to other parties a computation of each category of damages sought.

Defendants' arguments are not persuasive. Plaintiffs' failure to disclose is both substantially justified and harmless.

Preliminarily, the Court rejects defendants' argument that plaintiffs cannot seek a specified amount of non-economic damages without providing a computation of such damages. In support of this argument, defendants cite irrelevant case law from New Mexico, Minnesota, Florida and Oklahoma. Such caselaw does not reflect the custom, practice or law in the District of Kansas, and the Court declines to follow it. See Anderson v. United Parcel Service, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *10 (D. Kan. Nov. 22, 2010) ("Courts have held that because emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii).").

As noted above, plaintiffs' failure to make disclosures under Rule 26 was substantially justified. Through the Plaintiff Fact Sheet, document production and deposition testimony in the MDL, and in the pretrial order here, plaintiffs substantially complied with Rule 26 duties to disclose and to supplement. The MDL court did not require further disclosures under Rule 26(a)(1) or (e), and it did not conduct Rule 16 or Rule 26(f) conferences which would have triggered any duties to disclose. In fact, it is fair to say that the MDL court tacitly excused Rule 26 disclosures altogether. Defendants obviously understood as much, since they never sought to compel disclosures and until now—on the eve of trial—have never claimed that plaintiffs had a duty to provide Rule 26 disclosures.

Next, plaintiffs' failure to make formal Rule 26 disclosures is harmless. As noted, the

pretrial order identifies the amounts and bases for the damages which plaintiffs seek.  Defendants had ample opportunity to discover computations and factual support for each category of damages claimed but chose not to seek such information.  Defendants' claim of prejudice is unbecoming and incredible because the parties jointly proposed to Magistrate Judge James P. O'Hara Paragraph 5 of a proposed pretrial order which on the subject of plaintiffs' damage claims stated merely: "Plaintiffs are seeking the following damages: all compensatory damages permitted by applicable law and punitive damages in amounts to be determined by the fact-finder."  Defendants asserted no objection to the sufficiency of plaintiffs' stated damage claim in that paragraph, and apparently had nothing to say on the subject until Judge O'Hara—at the request of the undersigned judge—raised the potential benefit of quantifying plaintiffs' damage claims in the pretrial order.  Given this background, defendants' motion looks suspiciously like sandbagging and not a genuine request for relief.

That said, trial is set for April 19, 2021.  The MDL court did not require compliance with Rule 26, but it is not too late to start.  Accordingly, no later than March 15, 2021, the parties shall pursuant to Rule 26 (a)(1)(A)(i) and (iii), provide to opposing parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; and a computation of each category of damages. Fed. R. Civ. P. 26(a)(1)(A)(i).  Plaintiffs must make available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which any computation is based, including materials bearing on the nature and extent of injuries suffered.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  As noted above, however, plaintiffs need not provide mathematical computations or supporting documentation in support of their

damage claims for general non-economic damages (pain and suffering, emotional distress, etc.) and loss of consortium.

**IT IS THEREFORE ORDERED** that defendants' Motion To Strike Plaintiffs' Damage Request (Doc. #175) filed January 22, 2021 is **OVERRULED**.

**IT IS HEREBY FURTHER ORDERED that no later than March 15, 2021, pursuant to Rule 26 (a)(1)(A)(i) and (iii), Fed. R. Civ. P., the parties shall make the disclosures ordered above.**

**IT IS SO ORDERED.**

Dated this 5th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge