## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER and<br>THOMAS M. KIEFFABER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and<br>JOHNSON & JOHNSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion in Limine No. 14 To Exclude Evidence Of Plaintiffs' Allegations Of Spoliation (Exhibit N, Attachment 14 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021.[1]

James Mittenthal, Ethicon's corporate designee, has admitted that Ethicon destroyed tens of thousands of relevant documents in direct violation of Ethicon's own document preservation litigation holds, going back to 2003. Defendants seek to prevent plaintiffs from presenting testimony and argument at trial regarding Ethicon's failure to retain these documents "in violation of its discovery obligations in this litigation." Defendants argue that the MDL Court has previously considered these spoliation allegations and rejected multiple plaintiffs' motions for litigation sanctions, as well as efforts by individual plaintiffs to introduce spoliation-related evidence at trial

---

[1]    To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

in more than 60 cases.  Defendants  urge this Court to do the same for the following reasons: (1) the

evidence has "zero relevance" to the merits of plaintiffs' claims and would result in unnecessary

and time-consuming mini-trials and would prejudice and confuse jurors; and (2) under Rule 37,

Fed. R. Civ. P., such evidence and argument is only admissible as a sanction where the destruction

of materials has interfered with an adversary's ability to present his or her case, and the MDL

Court has held that plaintiffs have failed to establish any "specific gaps or weaknesses in their

cases that exist because critical evidence was lost or destroyed."

## I.      Whether Evidence Of Spoliation Is Relevant

After extensive litigation on the issue, the MDL Court found that "[i]n light of the

technology that was available to Ethicon between 2007 and 2012 to protect electronic records, . . .

Ethicon's failure to better implement and monitor its litigation holds was negligent, and perhaps

grossly negligent in some cases;" that plaintiffs had carried their initial burden of demonstrating

that the lost materials likely contained some relevant evidence; and that Ethicon had not shown

otherwise.  Accordingly, it found that as a group, the MDL plaintiffs had shown the elements to

support a finding of spoliation.  The MDL Court declined to award the MDL plaintiffs the relief

which they sought—the severe sanctions of default judgment, striking of defenses and the offering

of an adverse instruction in every case—but recommended to the presiding District Judge that

upon remand, plaintiffs be permitted on a case-by-case basis to introduce evidence of spoliation

and seek an adverse instruction in specific cases.

Defendants' motion in limine in this case is the mirror image of the spoliation proceedings

in the MDL Court.  There, plaintiffs sought severe global sanctions for spoliation in every

individual case; here, defendants seek complete exoneration for established spoliation of relevant

evidence.  Given the findings of the MDL Court, it would not be unreasonable to expect that in

seeking to prohibit all evidence of spoliation, defendants would make a case-specific record that the spoliated evidence has no relevance to the merits of plaintiffs' particular claims.  As noted, the MDL Court did not hold that individual plaintiffs could not show prejudice sufficient to warrant an adverse instruction; in fact, it held the contrary, i.e., that in certain cases, missing evidence from a custodian's file may provide the factual basis for an adverse inference instruction.

Defendants have not shown that the evidence which Ethicon destroyed or failed to preserve is completely and categorically irrelevant to the claims of these particular plaintiffs, or that its probative value is so minimal that it should be excluded under Rule 403, Fed. R. Evid.  The documents were in the custody of key figures in the development, design and manufacture of Ethicon mesh products, and on this record—given the findings of the MDL Court—this Court must infer that as a general proposition, they contained evidence which is relevant to this case.  To paraphrase the MDL Court, plaintiffs rightfully and logically has no way of knowing precisely what evidence was destroyed or lost, but nothing on this record should foreclose their opportunity to demonstrate that unique and relevant evidence has been lost, and that this loss creates an evidentiary hurdle in presenting the essentials of their case.  In short, defendants have not established that the missing evidence is minimally relevant—let alone of "zero relevance"—to plaintiffs' claims in this case.  Without a record on that issue, the Court cannot determine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay or wasting of time under Rule 403.

II.     **Whether Rule 37, Fed. R. Civ. P., Requires Exclusion Because The Destruction Of Materials Has Not Interfered With Plaintiffs' Ability To Present Their Case**

Defendants argue that they are entitled to an order in limine because under Rule 37, evidence and argument about their spoliation is only admissible as a sanction where the destruction of materials has interfered with plaintiffs' ability to present their case, and the MDL Court has

already held that plaintiffs have failed to establish any "specific gaps or weaknesses in their cases that exist because critical evidence was lost or destroyed."  Taking the second point first, defendants wholly misrepresent what the MDL Court held.  As noted above, it held that the plaintiffs had not provided "concrete evidence of prejudice to their cases, as a whole; particularly, not the extent of prejudice that would justify across-the-board sanctions such as default judgments, striking of defenses, and the offering an adverse instruction in every case."  The MDL Court specifically acknowledged that the issue of prejudice should be evaluated in each individual case, following remand, in the context of any case-specific requests for sanctions.

The Court could address defendants' argument that Rule 37 is a bar to sanctions in this case because plaintiffs have not shown prejudice, but what would be the point of that exercise?  As defendants note, plaintiffs have not filed a motion for sanctions.  At this juncture, the Court merely notes that the law with regard to spoliation (which places great weight on the resulting prejudice to the innocent party and the spoliator's degree of culpability) is not synonymous with the law under Rule 37 (under which, to avoid sanctions, the spoliator must show that the failure to disclose was "substantially justified" or "harmless" to the innocent party).

## III.    Conclusion

For the foregoing reasons, on this record, defendants' motion to exclude testimony and argument at trial regarding Ethicon's failure to retain documents "in violation of its discovery obligations in this litigation" is overruled.  Because such evidence is potentially excludable under Rule 403, however, the Court orders that plaintiffs may not present testimony or argument about failure to retain documents without first submitting a written proffer which generally identifies the missing documents which relate to this plaintiffs' case and pinpoints how Ethicon's failure to preserve those documents has impacted their ability to try their case on the merits.  The proffer

shall be submitted in the form of a motion which identifies any relief which plaintiffs seek on account of spoliation and cites legal authority which establishes the applicable standard for granting such relief.  Such motion shall be filed not later than April 1, 2021.  No later than April 5, 2021, defendants may file any suggestions in opposition.  The Court generally agrees that a jury is entitled to know what documentation was and was not available to counsel in preparing and presenting plaintiffs' case, but in balancing relevance against prejudice, the Court needs to know the exact purpose for which evidence of spoliation is being tendered, and the specific evidence in question (the custodial file of which Ethicon employee, covering which dates and products, the job description of the Ethicon employee in question, the issues in plaintiffs' case to which the missing documents presumably relate and the circumstances surrounding the loss or destruction of that particular evidence, etc.).  See Caparotta v. Entergy Corp., 168 F.3d 754, 757–58 (5th Cir. 1999) (test governing admission of evidence is relevance and prejudice, not three-prong spoliation test).

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that Defendants' Motion In Limine No. 14 To Exclude Evidence Of Plaintiffs' Allegations Of Spoliation (Exhibit N, Attachment 14 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is overruled.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge