**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER NUNC PRO TUNC**

This matter comes before the Court on <u>Defendants' Motion In Limine No. 13 To Preclude Plaintiffs From Questioning Ethicon Employee Scott Ciarrocca About Documents For Which No Foundation Has Been Laid</u> (Exhibit M, Attachment 13 to <u>Defendants' Omnibus Motions in Limine</u> (Doc. #206)) filed March 8, 2021.[1]

Defendants seek to prevent plaintiff from questioning Ciarrocca about documents that he has never seen, with which he could not reasonably have been familiar, and for which no foundation has been laid. Under Rule 602, Fed. R. Evid., they argue, this type of "tactic" is plainly prohibited. Plaintiff responds that without providing specifics about what evidence they are seeking to exclude, defendants are not entitled to a global ruling that an unknown number of unspecified documents should be excluded.

---

[1] To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

Plaintiff is correct in noting that this issue cannot be resolved on a global scale in advance of trial. Accordingly, defendants must file a renewed motion which lists each exhibit which Ciarrocca has never seen, with which he could not reasonably have been familiar, or for which no foundation has been laid. At that point, they must present argument why Ciarrocca is not a competent witness as to that exhibit and plaintiff can meaningfully respond. To jump start this process, no later than March 29, 2021, plaintiff shall provide to defendants a written list of all exhibits which she will use in questioning Ciarrocca. Any renewed motion in limine shall be filed no later than April 5, 2021. Prior to that time, the parties must negotiate in good faith in an effort to dispose of this issue without further attention from the Court.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that Defendants' Motion In Limine No. 13 To Preclude Plaintiffs From Questioning Ethicon Employee Scott Ciarrocca About Documents For Which No Foundation Has Been Laid (Exhibit M, Attachment 13 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is **OVERRULED**.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge