IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion In Limine No. 10 To Preclude Evidence And Argument That Ethicon "Rushed" Prolift To Market Without Adequate Testing (Exhibit J, Attachment 10 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021.[1]

Defendants ask the Court to prohibit "evidence and argument concerning Ethicon's conduct prior to placing Prolift on the market." While they are concerned that such evidence will unfairly suggest a "profits over safety" narrative that Ethicon rushed its product to market, "Ethicon's conduct prior to placing Prolift on the market" is exactly what this case is about: how can the jury decide whether Ethicon exercised reasonable care in marketing Prolift without evidence on exactly that point?

---

[1] To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

Defendants are fond of noting that Minnesota law does not recognize a stand-alone cause of action for failure to test, and that any duty to test is subsumed within the duty to design, manufacture and craft warnings in a reasonable manner. Since plaintiff is not asserting a stand-alone claim for breach of a duty to test, she does not need an expert to define the appropriate standard of care for testing.

Defendants argue that the subject of product testing necessarily implicates the FDA's clearance of Prolift, so they will be unfairly prejudiced if plaintiff is allowed to present evidence of Ethicon's conduct prior to placing Prolift on the market and they cannot respond with evidence regarding the FDA's premarket clearance. Whether Ethicon was negligent in marketing Prolift does not, however, require "intimate knowledge of complex medical and regulatory issues." Here, the fact that the FDA did not require Ethicon to do more testing is irrelevant. The issue might be different if the FDA had required Ethicon to market Prolift, dictated the timing of the so-called "rush" to market or ordered it to dispense with pre-market testing. That is not the case. Defendants need not be concerned that without evidence of the FDA regulatory process, the jury will be "left to speculate about the appropriate standard" of care; Minnesota law supplies the appropriate objective standard and the Court will supply proper instructions on that standard.

For these reasons, and those stated in plaintiff's opposition, the Court overrules defendants' motion to prohibit "evidence and argument concerning Ethicon's conduct prior to placing Prolift on the market."

**IT IS THEREFORE ORDERED** that Defendants' Motion In Limine No. 10 To Preclude Evidence And Argument That Ethicon "Rushed" Prolift To Market Without Adequate Testing (Exhibit J, Attachment 10 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is **OVERRULED**.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
