IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendants' Motion In Limine No. 9 To Preclude Evidence Or Argument Concerning The Johnson & Johnson Credo</u> (Exhibit I, Attachment 9 to <u>Defendants' Omnibus Motions In Limine</u> (Doc. #206)) filed March 8, 2021.

Johnson & Johnson has a corporate credo which discusses a "first responsibility" to patients, states that everything the company does must be of "high quality," and generally discusses responsibility to the community. It also says that mistakes should be paid for.

Defendants ask the Court to bar evidence about the credo and prohibit plaintiff from relying on it to suggest that defendants are subject to a duty of care that is higher than what the law requires. Defendants argue that the credo is not relevant, and would be confusing and unfairly prejudicial. Plaintiff responds, and the Court agrees, that the credo is relevant on the issue of punitive damages, because it reflects defendants' own words with regard to its state of mind and mental intent in the operation of its business.

It goes without saying that defendants' liability must be based on applicable law, and not whether they failed to live up to the aspirations of any credo. The Court is quite certain that it can

instruct the jury in a way which will liberate it from any confusion on this point.  In that regard, this case is similar to run-of-the-mill employment cases, where the jury must understand that liability is not a matter of "best practices" in the human resources realm.  The Court assumes that plaintiff's counsel will not argue that defendants are subject to a duty of care which is different from what the law requires—but if the Court is wrong, defendants can certainly object.  The likelihood of that scenario appears too low to warrant the entry of an order in limine, since plaintiff professes no intent to use the credo in that manner.

**IT IS THEREFORE ORDERED** that Defendants' Motion In Limine No. 9 To Preclude Evidence Or Argument Concerning The Johnson & Johnson Credo (Exhibit I, Attachment 9 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is **OVERRULED**.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge