IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendants' Motion In Limine No. 11 To Exclude Evidence Concerning The Decommercialization Of Prolift</u> (Exhibit K, Attachment 11 to <u>Defendants' Omnibus Motions In Limine</u> (Doc. #206)) filed March 8, 2021.[1]

In 2012, approximately five years after plaintiff's implantation with Prolift, Ethicon voluntarily removed Prolift and several other pelvic mesh devices from the market. In Ethicon lingo, it "decommercialized" these devices. Defendants ask the Court to prevent plaintiff from referring "in detail" to the "decommercialization" or suggesting to the jury that Prolift was "pulled from the market" because it was defective. Plaintiff does not claim that the FDA forced Ethicon to withdraw Prolift from the market or that Ethicon "recalled" it, so to this extent, defendants' motion is moot. Defendants will open the door to evidence of the "decommercialization,"

---

[1] To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

-2-

however, if they take the position that Proflift was not unreasonably dangerous, had a low complication rate, was well studied prior to market launch, was successfully implanted in thousands of women, etc. Under those circumstances it would be fair to ask—if Prolift was such a great product—why Ethicon decided to withdraw it from the market. If the answer to that impeachment is prejudicial, it is not unfairly so. Rule 403, Fed. R. Evid.

The Court recognizes that under Rule 407, Fed. R. Evid., such evidence cannot be received as an "admission of liability," or as proof of negligence, culpable conduct, a defect in the Prolift product or a need for further warnings or instructions. The Court can instruct the jury that evidence about "decommercialization" may not be considered for such purposes, but only for testing the credibility of Ethicon's evidence about the benefits and benign characteristics of Prolift.

**IT IS THEREFORE ORDERED** that Defendants' Motion In Limine No. 11 To Exclude Evidence Concerning The Decommercialization Of Prolift (Exhibit K, Attachment 11 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is **OVERRULED**.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

                                         s/ Kathryn H. Vratil
                                         KATHRYN H. VRATIL
                                         United States District Judge