IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion In Limine No. 8 To Preclude Evidence Or Argument Concerning Lawsuits Filed By Patients Of Defense Experts (Exhibit H, Attachment 8 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021.[1]

Defendants ask the Court to prohibit evidence of the number of pelvic mesh lawsuits that have been filed by patients of Ethicon's expert witnesses, and the underlying facts and allegations in those cases. Plaintiff argues that such evidence is relevant for purposes of impeachment, and the Court agrees. Consequently, if defendants' experts testify that few women have suffered serious injuries from the Proflift mesh, that the product is safe and has been used for many years with few issues, or thoughts of similar import, they have opened the door to general cross-examination about the clinical history of Prolift with their own patients, along with resulting claims

---

[1] To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

-2-

and litigation, including the number of pelvic mesh lawsuits. To that extent, defendants' motion is overruled.

For obvious reasons, the Court will not allow testimony on the substance of individual cases or adverse medical outcomes. On a case-by-case basis, such evidence would have minimal relevance and it would be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and waste of time. To that extent, defendants' motion is sustained.

**IT IS THEREFORE ORDERED** that Defendants' Motion In Limine No. 8 To Preclude Evidence Or Argument Concerning Lawsuits Filed By Patients Of Defense Experts (Exhibit H, Attachment 8 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is sustained in part and **OVERRULED IN PART**, as outlined above.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge