## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion In Limine No. 7 To Exclude Evidence Or Argument Conerning [sic] Physical Characteristics Of Prolift Mesh (Exhibit G, Attachment 7 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021.[1]

Because plaintiff has no expert who examined her mesh or opines about its physical characteristics, defendants ask the Court to exclude evidence and argument that her particular mesh was defective because it caused chronic foreign body reaction, degradation, chronic inflammation, deformation, loss of pore size, fibrotic bridging with scar plate formation, shrinkage, contraction or similar conditions. Defendants further argue that because plaintiff has no evidence that her mesh had these characteristics, evidence of mesh characteristics in general must be excluded as irrelevant, confusing and unfairly prejudicial.

---

[1] To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

Given the Court's rulings on <u>Daubert</u> issues, this motion is frivolous.  Plaintiff's Prolift mesh was apparently devised of the same mesh which experts in this case examined and which was implanted in many other patients.  Independent of plaintiff's own particular mesh, plaintiff's experts—based on clinical experience, review of case-specific medical records and scientific literature in the field, etc.—will testify that Prolift was defective and caused injury to plaintiff.  The record suggests no reason why the mesh in plaintiff's body would have behaved so differently from the same mesh implanted in other patients that evidence about general characteristics of mesh should be barred altogether.  This evidence is relevant circumstantial evidence that plaintiff's mesh was defective.  Such evidence is critical to plaintiff's case and Rule 403, Fed. R. Evid., suggests no valid reason to exclude it.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion In Limine No. 7 To Exclude Evidence Or Argument Conerning [sic] Physical Characteristics Of Prolift Mesh</u> (Exhibit G, Attachment 7 to <u>Defendants' Omnibus Motions in Limine</u> (Doc. #206)) filed March 8, 2021, be and hereby is **OVERRULED**.

Dated this 25th day of March, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge