IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAROLYN M. KIEFFABER, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-1177-KHV |
| | ) | |
| ETHICON, INC. and | ) | |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendants' Motion In Limine No. 3 To Exclude Evidence And Argument Concerning Other Lawsuits And Claims</u> (Exhibit C, Attachment 3 To <u>Defendants' Omnibus Motions In Limine</u> (Doc. #206)) filed March 8, 2021.[1]

Defendants seek to prevent plaintiff from introducing evidence of other lawsuits and claims relating to pelvic mesh products, as well as unrelated lawsuits involving other products manufactured by Johnson & Johnson companies, including but not limited to talcum powder, hips, hernia mesh, opioids, and other products and medical devices. Plaintiff asks the Court to overrule this motion in its entirety and allow her to present evidence of other lawsuits against defendants, "including those concerning their other products." Plaintiff does not even try to show how evidence of lawsuits regarding other products (including but not limited to talcum powder, hips,

---

[1]    To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

hernia mesh, opioids, and other products and medical devices) would be relevant in this case.  To this extent, defendants' motion is sustained.

The Court acknowledges that prior lawsuits could be relevant to show notice of a product defect or danger, but plaintiff does not cite particular information about lawsuits involving defendants' pelvic mesh products prior to the time of plaintiff's implant surgery.  Therefore, the Court assumes that plaintiff does not intend to rely on other lawsuits to show notice that is relevant to her particular case.  To this extent, defendants' motion is also sustained.

Admittedly, defendants could open the door to evidence of other lawsuits by testimony or argument that pelvic mesh products have been used safely, for many years, with no problems.  Consequently, other litigation could be a fertile subject for impeachment and cross-examination.  On balance, however, the Court agrees that without time-consuming mini-trials on whether plaintiff's circumstances are substantially similar to those in other cases, evidence of other lawsuits is irrelevant, inflammatory, confusing and replete with inadmissible hearsay.  Plaintiff argues that she should be permitted to "present the evidence to this Court for an individualized determination as to the probative value of a particular lawsuit, rather than the Court issuing a blanket exclusion."  Plaintiff does not identify even one other lawsuit which might survive this grueling and time-consuming one-on-one examination, but—to her credit—she identifies the process that the Court would be required to undertake.  If we start today, it will be impossible to determine the probative value of other lawsuits within any reasonable time frame—and certainly not a time frame which would allow the trial to commence on schedule on April 19, 2021.

In summary, evidence of other lawsuits involving defendants' pelvic mesh products has minimal probative value and any slight probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting of time.

-3-

Defendants' motion on this issue is therefore sustained.  If plaintiff believes that evidence of other lawsuits has become relevant for purposes of impeachment and cross-examination, counsel must secure prior Court approval before mentioning it in the presence of the jury.

**IT IS THEREFORE ORDERED** that Defendants' Motion In Limine No. 3 To Exclude Evidence And Argument Concerning Other Lawsuits And Claims (Exhibit C, Attachment 3 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021, be and hereby is **SUSTAINED WITH THE CAVEAT AS TO POSSIBLE USE FOR IMPEACHMENT AND CROSS-EXAMINATION**.

Dated this 26th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge