## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CAROLYN M. KIEFFABER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 20-1177-KHV** |
| | ) | |
| **ETHICON, INC. and** | ) | |
| **JOHNSON & JOHNSON,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion In Limine No. 1 To Exclude Post-Implant Company Documents (Exhibit A, Attachment 1 to Defendants' Omnibus Motions In Limine (Doc. #206)) filed March 8, 2021.[1]

Defendants seek to exclude "a significant number" of approximately 1,000 exhibits which they generically describe as "Ethicon company documents that were not authored until after the date of Mrs. Kieffaber's implantation surgery." Defendants seek a general ruling that post-implant documents are inadmissible because (1) such evidence has no bearing on the issues in this case, particularly whether the Prolift was defective at the time it left Ethicon's control; and (2) any arguable probative value of this evidence is outweighed by its prejudicial effect.

---

[1]  To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law.  The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities.  If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

Neither argument is persuasive. The date of authorship is not a bright line which categorically separates relevant from irrelevant evidence, and post-implant documents are not inherently too confusing for the jury or wasteful of trial resources. Defendants' motion is therefore overruled.

The parties should not read into this ruling any implication that the Court endorses plaintiff's argument that post-implant documents are relevant because Minnesota law recognizes a post-sale duty to warn. That theory of liability does not appear in the <u>Pretrial Order</u> (Doc. #170) filed January 20, 2021. Furthermore, the Court cannot discern what post-implant warnings could have mitigated the alleged injury or damages in this case.

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion In Limine No. 1 To Exclude Post-Implant Company Documents</u> (Exhibit A, Attachment 1 to <u>Defendants' Omnibus Motions In Limine</u> (Doc. #206)) filed March 8, 2021 be and hereby is **OVERRULED**.

Dated this 26th day of March, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge